**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TERRA S. YOUNG,

    Plaintiff,

v.

NORTH AMERICAN VAN LINES,

    Defendant.

No. C 12-00257 JSW

**ORDER DENYING APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING COMPLAINT WITH LEAVE TO AMEND**

    The Court has received Plaintiff's complaint and application to proceed *in forma pauperis*, filed in this Court on January 17, 2012. The Court may authorize a plaintiff to file an action in federal court without prepayment of fees or security if the plaintiff submits an affidavit showing that he or she is unable to pay such fees or give security therefor. 28 U.S.C. § 1915(a). The *in forma pauperis* statute also provides that the Court shall dismiss the case if at any time the Court determines that the allegation of poverty is untrue, or that the action (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

    The facts currently alleged in Plaintiff's complaint fail to set forth a RICO violation. 18 U.S.C. § 1964(a) provides the Court with jurisdiction to remedy violations of 18 U.S.C. § 1962. 18 U.S.C. § 1964(c) provides that "any person injured in his business or property by reason of a violation of [18 U.S.C. § 1962] may sue therefore in any United States district court ... ." Plaintiff sets forth no facts stating how her business or property was injured by virtue of a

1 violation of 18 U.S.C. § 1962, nor does the Complaint set forth facts from which this Court can
2 discern the nature of the RICO enterprise alleged nor which provision of 18 U.S.C. § 1962
3 allegedly has been violated. Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), the Court "shall dismiss
4 [a] case at any time if the court determines that ... the action or appeal ... fails to state a claim on
5 which relief may be granted." Plaintiff has failed to set forth facts demonstrating that she has a
6 claim for a civil RICO violation. That does not, however, end the Court's inquiry.

The Court also has considered whether the facts alleged state a claim on any other legal theory. Assuming *arguendo* that Plaintiff has set forth sufficient facts to state a claim, federal courts are courts of limited jurisdiction. The federal courts can only adjudicate cases which the Constitution or Congress authorize them to adjudicate: basically those cases involving diversity of citizenship (where the parties are from diverse states), or a federal question, or those cases to which the United States is a party. *See, e.g., Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375 (1994). Federal courts are presumptively without jurisdiction over civil cases and the burden of establishing the contrary rests upon the party asserting jurisdiction. *See id.* at 377. Absent some basis for jurisdiction, this Court must dismiss the matter. *See* Fed. R. Civ. P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."); *see also FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990) (stating that the district court has an independent obligation to determine subject matter jurisdiction). If the Court determines that subject matter jurisdiction is lacking, the Court must dismiss the case. *Id.*; Fed. R. Civ. P. 12(h)(3).

Having failed to set forth facts supporting a RICO claim, claims over which this Court would have jurisdiction, there are no facts alleged in Plaintiff's Complaint demonstrating that this Court would have subject matter jurisdiction over this action on any other basis.

For these reasons, Plaintiff's application is DENIED WITHOUT PREJUDICE and the Complaint is DISMISSED WITH LEAVE TO AMEND. If Plaintiff wishes to pursue this action, she must file an Amended Complaint and a renewed application to proceed *in forma pauperis* by **February 24, 2012**. In any amended complaint, Plaintiff must include the basis for

which subject matter jurisdiction exists. *See* Fed. R. Civ. P. 8(a)(1) (complaint must contain, *inter alia*, "a short and plain statement of the grounds upon which the court's jurisdiction depends"). Failure to file a cognizable legal claim by this date shall result in dismissal of this action with prejudice. The Court advises Plaintiff that a Handbook for Pro Se Litigants, which contains helpful information about proceeding without an attorney, is available through the Court's website or in the Clerk's office. The Court also advises Plaintiff that additional assistance may be available by making an appointment with the Legal Help Center, which is located at 450 Golden Gate Avenue, 15th Floor, Room 2796, San Francisco, California, 94102.

**IT IS SO ORDERED.**

Dated: February 7, 2012

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

TERRA S. YOUNG,

    Plaintiff,

v.

NORTH AMERICAN VAN LINES et al,

    Defendant.

Case Number: CV12-00257 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 7, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Terra S. Young
5 Santo Domingo Trail, North
Corrales, NM 87048

Dated: February 7, 2012

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk